UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| WALTER C. HELTON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 05-452-DCR |
| ) | |
| V. ) | |
| ) | |
| JOHN MOTLEY, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court for consideration of Walter C. Helton's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [Record No. 1] Pursuant to local practice, the matter was referred to United States Magistrate Judge J.B. Johnson, Jr., for the preparation of a Report and Recommendation ("R&R") in accordance with 28 U.S.C. §636(b)(1)(B). Following review, Magistrate Judge Johnson recommended that Helton's petition be denied, that his request for an evidentiary hearing be denied, that the action be dismissed, and that a certificate of appeallability be denied. Helton filed objections to the R&R on June 26, 2006. Having reviewed Helton's objections, the Court concludes that the Magistrate Judge's recommendations should be adopted. Accordingly, the relief requested by Helton will be denied.

**I.   BACKGROUND**

Helton was indicted by a Knox County Grand Jury for three counts of murder, one count of attempted murder, and one count of arson. The first trial resulted in a hung jury on March 8, 1999. After a second trial, on January 13, 2000, a jury convicted Helton of the three counts of

murder and the one count of arson. He was then sentenced to three terms of life imprisonment, as well as fifty years imprisonment, all to be served concurrently. [Record No. 6, appendix at p. 3] This conviction was affirmed by the Kentucky Supreme Court on direct appeal. Thereafter, Helton moved to vacate the sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. The Knox Circuit Court denied the motion on October 11, 2002. The Kentucky Court of Appeals affirmed, and on April 13, 2005, the Kentucky Supreme Court denied discretionary review. On August 23, 2005, Helton filed the present action for habeas relief pursuant to 28 U.S.C. § 2254.

## II. STANDARD FOR HABEAS REVIEW

Under 28 U.S.C. § 2254(d)(1), a federal court may grant a writ of habeas corpus only if a claim previously adjudicated in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Additionally, subsection (e) of § 2254 states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e). Thus, this Court must give proper deference to a state court's findings of fact that are supported by the record, absent clear and convincing evidence to the contrary.

## III. ANALYSIS

Helton filed objections to the Magistrate Judge's R&R on June 26, 2006. Through these objections, Helton concedes that the magistrate correctly determined all claims alleged in his petition for habeas relief except his claim based on alleged ineffective assistance of counsel. He claims that his trial counsel "failed to adequately prepare Petitioners' [sic] case for trial, being ineffective for failing to interview or utilize certain witnesses to impeach the jailhouse informant." [Record No. 18, p. 1-2] Helton further alleges that he is entitled to an evidentiary hearing and a certificate of appealability based on this claim.

Where, as here, a petitioner asserts ineffective assistance of counsel, he must show both that his counsel's performance was highly deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668 (1984). For a petitioner to be entitled to habeas relief, he must show that "the state court's resolution of his claim of ineffective assistance of counsel under *Strickland v. Washington, supra*, 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Rompilla v. Beard*, 545 U.S. 374, 125 S. Ct. 2456, 2462 (2005) (citing 28 U.S.C. § 2254(d)(1)). "Ineffective assistance under *Strickland* is deficient performance, with performance being measured against an 'objective standard of reasonableness,' 'under prevailing professional norms.'" *Id*. (citations omitted). A Petitioner must then show that there is a reasonable probability that, but for counsel's inadequate performance, the results would have been different. *Strickland*, 466 U.S. at 687. The court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and have made all significant decisions in the exercise of

reasonable professional judgment. *Id.* at 689; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

### A.     Failure to Interview Witnesses

Helton claims that his counsel was ineffective for failing to interview certain jailhouse witnesses who could have allegedly impeached the testimony of the jailhouse informant, Robert Stout. Helton further claims that Stout's testimony was the sole difference between the first trial, which resulted in a hung jury, and the second trial, which resulted in a conviction. After the first trial, Stout notified the Commonwealth and later testified in the second trial that Helton had admitted to the three murders and the arson while sharing a cell with Stout. [Record No. 6, appendix at p. 93-95] According to Helton, certain jailhouse witnesses including a jailer and other inmates could have testified that "NO ONE in the jail trusted Stout" and that Helton asked to be moved or have Stout moved from Helton's jail cell "due to 'perceiving' that Robert Stout was up to no good." [Record No. 18, at p. 5] Helton claims that his trial counsel was ineffective for failing to interview and use these witnesses to impeach Stout's testimony. This claim was presented to the state courts and is not subject to procedural default. Thus, the question before this Court is whether the state courts' adjudication resulted in a decision that involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).

Applying *Strickland*, *supra*, the Kentucky Court of Appeals determined that Helton's trial counsel was effective and that counsel adequately investigated and impeached Stout's testimony at trial. Specifically, the Kentucky Court of Appeals found that Helton's trial counsel:

> [s]ought a continuance to investigate certain letters written by Stout prior to Helton's trial regarding his offer to testify on behalf of the Commonwealth in another case; "thoroughly questioned Stout regarding the letters in an attempt to impeach him with regard to his motivation to testify in Appellant's brief"; and, despite Stout's assertion of his 5th Amendment right not to testify, "was still able to question Stout regarding his motivation to testify against him."
>
> In viewing the record of Helton's second trial, we also see that his counsel filed numerous pre-trial motions in the case-for discovery, exculpatory evidence, to exclude KRE 404 evidence and subpoenaed many witnesses to testify on behalf of Helton. The pretrial motion for disclosure of impeachment evidence regarding the testimony of Stout was exhaustive and sought all manner of information relative to Stout. As to defense counsel's trial performance, the trial court found:
>
> The record also reveals that Movant's trial counsel very effectively cross examined Stout, getting him to admit that he had lied on several occasions. On cross-examination, Stout admitted that he had acted as an informant in Alabama; that he had written the Commonwealth Attorney several letters asking for help; and, that his wife rented an apartment from the Commonwealth Attorney.

*Helton v. Commonwealth*, 2004 WL 2633606, *2 (Ky. Ct. App. Nov. 19, 2004). Based on these facts, the Kentucky Court of Appeals found that Helton's counsel's performance fell within the wide range of reasonable professional assistance. As the Magistrate Judge noted, "In Helton's case, the Kentucky Court of Appeals set forth in considerable detail trial counsel's considerable efforts to impeach the informant Stout and found no objective deficiency in counsel's performance." [Record No. 15, p. 20]

Moreover, the trial counsel's failure to interview the jailhouse witnesses in this case is not a sufficient ground to warrant habeas relief because the witnesses could not provide testimony to exculpate Helton. These witnesses, at most, could have testified to the unreliability of Stout's testimony. [Record No. 18, p. 5-8]. According to the Sixth Circuit, "[a] defense counsel has no obligation to call or even interview a witness whose testimony would not have

exculpated the defendant." *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004) (citations omitted). In *Millender*, the petitioner sought habeas relief because his trial counsel failed to call a witness to testify that the petitioner was out of state in order to rebut testimony that he was seen at the local hospital the day before the crime charged. *Id.* at 526. The Court found that because such impeachment testimony would not have exculpated the defendant, "the failure to call a rebuttal witness does not amount to constitutionally defective assistance of counsel sufficient to even reach the *Strickland* prejudice inquiry." *Id.* In Helton's case, the jailhouse witnesses could have only testified that Stout was unreliable and could not have offered any exculpatory evidence as to the crime charged.

For the foregoing reasons, the Kentucky Court of Appeals correctly determined Helton's claim for ineffective assistance under *Strickland*, and Helton is not otherwise entitled to habeas relief.

### B. Evidentiary Hearing

Helton further alleges that he is entitled to an evidentiary hearing on his claim for ineffective assistance of counsel. "A district court may, in the context of a habeas proceeding, permit discovery, provided that the habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001). The trial court denied an evidentiary hearing on this issue, finding that the record "totally refutes the Movant's claim that his counsel was ineffective in dealing with the issues concerning the testimony of Robert Stout." [Record No. 6, appendix at p. 113] Because Helton would not be

entitled to habeas relief for his counsel's failure to interview non-exculpatory witnesses, and thus the facts, even if more fully developed would not "lead the district court to believe that federal habeas relief is appropriate," no evidentiary hearing is required in this case. *Lott*, 261 F.3d at 602.

### IV.   CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of the United States Magistrate Judge [Record No. 15] is **ADOPTED** and **INCORPORATED** herein by reference.

2. The Petitioner's objections [Record No. 18] to the United States Magistrate Judge's Report and Recommendation are **DENIED**.

3. The Respondent's motion to dismiss [Record No. 7] is **GRANTED**. The Petitioner's claims are **DISMISSED**, with prejudice, and this action is stricken from the Court's docket.

4. Petitioner's request for an evidentiary hearing is **DENIED** because Petitioner has not shown any disputed facts in the record.

5. A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of the denial of a constitutional right.

This 22nd day of September, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge